UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&H MARINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> R/V POLECAT'S REVENGE, *Official No. 1151072, its engines, tackle, machinery, furniture, apparel, appurtenances, etc., in rem, et al.*, <br><br> Defendants. | No. 2:23-cv-02550-DAD-CSK <br><br> IN ADMIRALTY <br><br> ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER APPOINTING SUBSTITUE CUSTODIAN <br><br> (Doc. No. 3) |

Plaintiff J&H Marine, Inc. ("Plaintiff"), by and through its counsel of record, Cox, Wootton, Lerner, Griffin, & Hansen, LLP, having appeared and made the following recitals:

1. On or around November 3, 2023, the Verified Complaint in this matter was filed seeking the arrest and foreclosure sale of the Defendant Vessel R/V POLECAT'S REVENGE (formerly COINCIDENCE), Official No. 1151072, its Engines, Tackle, Machinery, Furniture, Apparel, Appurtenances, etc. (the "Vessel"), to satisfy Plaintiff's claims as stated therein.

2. Subsequently, the Clerk was ordered by this Court to issue a Warrant for Arrest commanding the U.S. Marshal for the Eastern District of California to arrest and take into custody the defendant Vessel and to maintain it in his custody until further Order of this Court.

3. The defendant Vessel is currently located in the Eastern Judicial District of California.

1

4. It is contemplated that the U.S. Marshal will seize the Vessel forthwith. The U.S. Marshal does not provide the services for the safekeeping of vessels he arrests.

5. Plaintiff, as the Court's designated Substitute Custodian, has agreed to assume the responsibility from the U.S. Marshal immediately after the Marshal has arrested the Vessel for safekeeping the Vessel during the pendency of this action, and has consented to act as the Vessel's custodian until further Order of this Court, all for a charge of $100/day, including storage and routine services required for safekeeping the Vessel, as set forth in Plaintiff's Ex Parte Application and the supporting declaration of Eric Koster.

6. Plaintiff, by declaration, avers that it has adequate resources, manpower, and experience to keep Vessel secure and afloat, and that it has liability insurance, underwritten by Hanover Insurance Company, with an aggregate coverage limit of $1,000,000.00.

7. Furthermore, in accordance with the terms of this Order, Plaintiff, as Substitute Custodian, accepts possession of and responsibility for the Vessel following its arrest.

8. In consideration of the U.S. Marshal's consent to this substitution of custody, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, its engines, tackle, apparel, furniture, and all other appurtenances pertaining and belonging thereto, from the time the Marshal transfers possession of the Vessel to Plaintiff as Substitute Custodian until the Vessel is released from arrest pursuant to this Court's order or operation of law.

9. Plaintiff further agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping of the Vessel.

Accordingly,

1. Plaintiff's *ex parte* application for an order appointing a substitute custodian (Doc. No. 3) is granted;

2. Therefore, it is hereby ordered that the U.S. Marshal for the Eastern District of California execute service of process on the Vessel by all lawful means and arrest her pursuant to this Court's duly-issued Warrant of Arrest, and then transfer

|   |   |   |
|---|---|---|
| 1 |   | custody of the Vessel to J&H Marine, Inc., who is hereby appointed as the |
| 2 |   | Substitute Custodian, and that upon such transfer the U.S. Marshal is discharged |
| 3 |   | from any further duties and responsibilities for the safekeeping of the Vessel and |
| 4 |   | held harmless from any and all claims arising out of said substituted custody and |
| 5 |   | safekeeping; |
| 6 | 3. | It is further ordered that plaintiff, as the Substitute Custodian of the Vessel, is to |
| 7 |   | retain custody and possession of the Vessel for safekeeping for the aforementioned |
| 8 |   | compensation until further Order of this Court; |
| 9 | 4. | It is further ordered that the Substitute Custodian is authorized to take any and all |
| 10 |   | steps to ensure the safekeeping and protection of the Vessel including, but not |
| 11 |   | limited to, moving the Vessel to a secure facility for safekeeping, during the |
| 12 |   | pendency of this action or upon further Order of this Court; |
| 13 | 5. | It is further ordered that, under the authority of the Substitute Custodian and at its |
| 14 |   | discretion, normal and routine maintenance, repairs, and cleaning may be provided |
| 15 |   | to the Vessel in order to keep her seaworthy and marketable, and that any major |
| 16 |   | and/or unanticipated repairs or renovations that may be required shall be |
| 17 |   | undertaken only on further order from this Court; |
| 18 | 6. | It is further ordered the aforementioned costs, and such other reasonable expenses, |
| 19 |   | charged by the Substitute Custodian for the storage and safekeeping of the Vessel |
| 20 |   | be deemed *custodia legis* fees of the U.S. Marshal under 28 U.S.C. §1921; and |
| 21 | 7. | Plaintiff's counsel of record shall serve a copy of this order on the Vessel and all |
| 22 |   | parties who may appear in this action. |

IT IS SO ORDERED.

Dated: **June 11, 2024**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3