UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&H MARINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> R/V POLECAT'S REVENGE, et al., <br><br> Defendants. | Case No. 2:23-cv-02550-DAD-CSK <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. Nos. 32, 40) |

On November 3, 2023, plaintiff filed this admiralty action *in rem* against defendants Polecat's Revenge and Joseph Duran Norman asserting causes of action for breach of a repair agreement and enforcement of maritime lien for necessaries and breach of contract for maritime repairs. (Doc. No. 1.)

On January 22, 2024, the Clerk of the Court entered default as to both defendants because they were served with the summons and complaint and did not file a timely answer, responsive pleading, or otherwise appear in this action. (Doc. No. 15.)[1] On July 12, 2024, plaintiff filed the

---

[1] On June 11, 2024, the undersigned granted an *ex parte* application for the Vessel's arrest and appointment of a substitute custodian for the pendency of the action. (Doc. Nos. 22, 23.) Plaintiff was appointed as the substitute custodian for the Vessel. (Doc. No. 22.) On June 12, 2024, the Clerk of the Court issued a warrant for arrest of the Vessel. (Doc. No. 24.) On June 13, 2024, the U.S. Marshal filed a Process Receipt and Return indicating it had arrested the Vessel, turned it over to the substitute custodian, and that it left process at the Vessel's helm on December 18, 2023. (Doc. No. 26).

1

1  pending motion for default judgment.  (Doc. No. 32.)  This matter was referred to a United States
2  Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.
3      On February 14, 2025, the assigned magistrate judge issued findings and
4  recommendations recommending that plaintiff's motion for default judgment be granted.  (Doc.
5  No. 40.)  Specifically, the magistrate judge recommended that plaintiff be awarded damages in
6  the amount of $48,539.30, that *custodia legis* costs be awarded pursuant to a cost bill to be filed
7  post-judgment, and that the U.S. Marshal be ordered to sell the Vessel and allow plaintiff to credit
8  bid at such sale under specified terms and in accordance with all applicable statutes and local
9  rules.  (*Id.* at 15.)  The findings and recommendations provided that any objections thereto were
10 to be filed within fourteen (14) days.  (*Id.* at 16.)  To date, no objections have been filed and the
11 time for doing so has now passed.
12     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court conducted a de
13 novo review of the case.  Having carefully reviewed the file, the court concludes that the findings
14 and recommendations are supported by the record and proper analysis.
15     Accordingly:
16 1.  The Findings and Recommendations issued February 14, 2025 (Doc. No. 40) are
17     ADOPTED;
18 2.  Plaintiff's motion for default judgment (Doc. No. 32) is GRANTED;
19 3.  Plaintiff is awarded $48,539.30 in damages, and *custodia legis* costs (pursuant to a
20     cost bill to be filed post-judgment);
21 4.  The U.S. Marshal is ordered to sell the Vessel, and allow Plaintiff to credit bid at
22     such sale, under the terms below and in accordance with all applicable statutes and
23     local rules;
24 5.  The Vessel is to be sold free of all mortgages, liens, and other encumbrances in an
25     admiralty execution sale pursuant to Supplemental Rules for Admiralty or
26     Maritime Claims and Asset Forfeiture Actions E(9)(a) and all applicable local
27     rules, including Local Rule 570.  The proceeds of the sale shall be paid into Court
28     to await disbursement upon further order of the Court pursuant to Supplemental

|   |   |   |
|---|---|---|
| 1 |  | Rule E(9)(b). If the net proceeds of the Vessel's sale are less than plaintiff's |
| 2 |  | judgment herein, plaintiff will be allowed to seek any deficiency against the |
| 3 |  | Vessel's owner, defendant Norman, *in personam*. If the proceeds from the sale |
| 4 |  | exceed the plaintiff's total damages as reflected in the amended judgment |
| 5 |  | including plaintiff's authorized *custodia legis* costs, the excess amount shall be |
| 6 |  | paid to defendant Norman; |
| 7 | 6. | The sale shall commence at a time and place designated by the U.S. Marshal for |
| 8 |  | the Eastern District of California, who will conduct the sale as set forth in Local |
| 9 |  | Rule 570; |
| 10 | 7. | Plaintiff is ordered to publish notice of the sale daily for seven (7) consecutive |
| 11 |  | days before the date of sale: (a) in *The Sacramento Bee* and *The Stockton Record*; |
| 12 |  | and (b) in three of the most public places in the area in which the Vessel is located |
| 13 |  | and at the place where the Vessel is to be; |
| 14 | 8. | At the sale of the Vessel, any minimum bid and any bidding increment shall be set |
| 15 |  | at the U.S. Marshal's discretion; |
| 16 | 9. | Pursuant to Local Rule 570(b), plaintiff may credit bid for the Vessel at the sale |
| 17 |  | for any and all amounts up to the total judgment of $48,539.30, plus the amount of |
| 18 |  | its *custodia legis* expenses established by affidavit. If plaintiff's credit bid is the |
| 19 |  | highest bid, plaintiff shall not be required to make a cash deposit or a subsequent |
| 20 |  | cash payment into the Registry of the Court as is required for other bidders under |
| 21 |  | Local Rule 570(b). The U.S. Marshal is authorized and directed to accept such |
| 22 |  | credit bids from plaintiff at the sale of the Vessel. If a sale of the Vessel to |
| 23 |  | plaintiff is confirmed for an amount based only on a credit bid: (a) plaintiff will be |
| 24 |  | allowed to pursue a deficiency action against the Vessel owner, *in personam*, for |
| 25 |  | any outstanding amounts still owed under its default judgments; (b) plaintiff will |
| 26 |  | be responsible to pay the fees, costs, and commissions due to the U.S. Marshal for |
| 27 |  | the arrest and sale of the Vessel; and (c) plaintiff will be responsible to pay any |
| 28 |  | other *custodia legis* fees or costs applicable to the Vessel; |

3

10. At the conclusion of the sale, the U.S. Marshal shall file a written report to the court pursuant to Local Rule 570 (e); and

11. Should no successful bid for the Vessel be accepted, or if for any other reason the sale of the Vessel is not completed, then the U.S. Marshal shall report that to the court and the Vessel shall remain under arrest pending further order of the court.

IT IS SO ORDERED.

Dated:   **March 11, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE