UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&H MARINE, INC., | No. 2:23-cv-02550-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION FOR AMENDED ORDER OF PUBLICATION |
| R/V POLECAT'S REVENGE, et al., | |
| Defendants. | (Doc. No. 42) |

This matter is before the court on plaintiff's *ex parte* application for an amended order of publication regarding notice of the sale of the subject vessel pursuant to Local Rules 171, 570, and 580. (Doc. No. 42 at 2–3.) The court previously authorized plaintiff to publish notice of the sale daily for seven (7) consecutive days before the date of the sale in both *The Sacramento Bee* and *The Stockton Record*. (Doc. No. 41 at 3.) The court also authorized notice by posting notice in three of the most public places where the subject vessel is located. (*Id.*) Plaintiff now requests that the court authorize a shorter notice period of four (4) consecutive days and to permit plaintiff to only publish in *The Stockton Record* and in the three aforementioned public places. (Doc. No. 42 at 5.) Plaintiff argues that *The Stockton Record*'s circulation of over 92,000 copies on weekdays, the location of the subject vessel in Stockton, and the continued requirement that notice be posted in three public places suffice to provide reasonably adequate public notice of the sale. (*Id.*) Moreover, plaintiff argues that the current requirements would cause it to incur

1

1   $10,885.95 in expenses whereas only requiring publication in *The Stockton Record* for four days
2   would cost $1,997.40.  (*Id.* at 4–5.)  In support of these expense estimates, plaintiff provides a
3   sworn declaration from attorney Max L. Kelley and accompanying exhibits which purport to
4   show the quotes provided for publishing a notice of sale.  (Doc. No. 42-1.)  Therefore, the court
5   finds good cause to grant plaintiff's request.

      Accordingly,

1. Plaintiff's *ex parte* application for an amended order of publication (Doc. No. 42) is GRANTED;

2. The Notice of Sale of Vessel attached as Exhibit A to plaintiff's *ex parte* application shall be published in substantially the same form in *The Stockton Record* for four (4) consecutive days prior to the date of sale of the subject vessel; and

3. Plaintiff shall file a sworn proof of publication by or on behalf of the publisher of *The Stockton Record* not later than twenty-eight (28) days after the date of publication of the Notice of Sale of Vessel.

IT IS SO ORDERED.

Dated:  **June 26, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2